UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ABE GIVINS, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:12-CV-1647 CAS |
| JAMES J. BRISCO, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. After providing notice to plaintiff and an opportunity to be heard, the Court has determined that it lacks subject matter jurisdiction over the complaint.

**The Complaint**

Plaintiff is known to the Court, having filed three similar lawsuits based on the same set of facts over the past several years, all of which have been dismissed as frivolous or otherwise non-meritorious actions.[1]

---

[1] The instant complaint is based on the same underlying facts as three previous complaints filed by plaintiff in this Court, except that in the previous complaints, plaintiff named as defendants not only current defendants the City of Town and Country, Nienhaus, Brisco and Kranz, but also John Copeland, Clarence T. Smallwood, John Quarenghi, Stephen H. Goldman and Jonathon F. Dalton. See Givins v. City of Town & Country, Mo., No. 4:04-CV-1355 TCM (E.D. Mo.); Givins v. City of Town & Country, Mo., No. 4:05-CV-2023 DDN (E.D. Mo.); and Givins v. Dalton, No. 4:06-CV-1802 DDN (E.D. Mo.). Plaintiff's initial complaint in Case No. 4:04-CV-1355 TCM was dismissed as legally frivolous prior to service of process, and the subsequent complaints were dismissed as frivolous based on the doctrine of res judicata and, in Case No. 4:06-CV-1802 DDN, on the additional basis that plaintiff's claims were barred by the applicable statute of limitations. See Givins, No. 4:05-CV-2023 DDN (Order and Memorandum and Order of Dismissal of December 20, 2005); Givins, No. 4:06-CV-1802 DDN (Order and Memorandum and Order of Dismissal of May 17, 2007).

Plaintiff brings this action under 42 U.S.C. § 1983, 42 U.S.C. § 2000e-5(F) or (K), and 28 U.S.C. §§ 2201-02.[2] Plaintiff also brings several state law claims pursuant to the Court's supplemental jurisdiction. Named as defendants are James J. Brisco, a private attorney and prosecuting attorney of St. Peters, Missouri in 2000; Gewenda or Gwenda R. Robinson, district defender in St. Louis County, Missouri; Carolyn C. Woods, assistant prosecuting attorney for St. Louis County, Missouri; the City of Town and Country ("Town and Country"), Missouri; Patrick Kranz, a police detective in Town and Country; John Nienhaus, a police captain in Town & Country; and Joan M. Gilmer, Circuit Clerk of St. Louis County, Missouri. Defendants Woods, Town and Country, Kranz, Nienhaus, Robinson and Gilmer are all state actors, and plaintiff is suing these defendants in their official capacities.[3]

The complaint is based on the following factual allegations: Plaintiff was detained by defendant Nienhaus while plaintiff was walking along the shoulder of Interstate 270 Northbound at 2:50 a.m. on February 19, 2000. Nienhaus detained plaintiff on a St. Charles, Missouri warrant for failure to appear dated January 8, 1999 on a Driving While Intoxicated charge. Nienhaus had plaintiff's car towed to the Creve Coeur, Missouri police station. Nienhaus then placed plaintiff

---

[2] Plaintiff does not assert any substantive claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., but rather seeks an award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(K). Plaintiff also does not assert any claims under 28 U.S.C. §§ 2201 or 2202, which concern actions for declaratory judgment. The Court will therefore treat these references in the Complaint as surplusage.

[3] Because plaintiff's complaint does not specifically name the defendants in their individual capacities, the Court must presume that he sued them only in their official capacities. Baker v. Chisom, 501 F.3d 920, 923-24 (8th Cir. 2007). Although plaintiff asserts in his response to the Court's show cause order that his complaint is directed toward the defendants as individuals, he has not submitted a proposed amended complaint actually asserting claims against the defendants in their individual capacities. Moreover, for the reasons discussed in this Memorandum and Order, any such proposed amended complaint would be futile, as plaintiff's claims fail for multiple other reasons.

under arrest for Driving While Intoxicated and other traffic offenses, but did not issue any citations, a notice of revocation, or a notice of the right to file a petition for review. On March 8, 2000, Nienhaus submitted an alcohol influence report on plaintiff to the Department of Revenue and law enforcement authorities. This report was notarized by defendant Kranz. Plaintiff alleges that this report was backdated, defective, and contained false, misleading and incomplete information. Plaintiff asserts that defendant Wood filed a second criminal information against him in August 2000, after plaintiff was sentenced on July 24, 2000. Plaintiff alleges that defendant Gilmer falsified his criminal history record on two occasions which resulted in plaintiff's driving record being "filled with false and misleading information." Complaint at 5.

Plaintiff alleges that his privately retained defense attorney, defendant Brisco, was also a prosecuting attorney in St. Peters, Missouri, but Brisco did not disclose this fact to plaintiff or the court. Plaintiff also alleges that Brisco and appeal attorney defendant Robinson withheld documents that denied plaintiff the right to participate in his own defense and violated other of his constitutional rights. Plaintiff alleges that defendant Brisco and defendant Woods misled and coerced plaintiff with threats of eight and ten year prison sentences if he went to trial and was found guilty, and that Brisco failed to provide plaintiff with an accurate account of the possible range of punishment. Plaintiff asserts that appeal attorney defendant Robinson told him she could not raise any claims that were not raised in his First Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence.

Plaintiff alleges that if Brisco had investigated, he would have realized that plaintiff's conviction date of September 8, 2000 was after plaintiff's sentencing date of July 24, 2000, and so violated plaintiff's rights against double jeopardy. Plaintiff also alleges that Brisco filed no pretrial motions for discovery or to suppress evidence, did not offer plaintiff the right to file a notice of

3

appeal, and told plaintiff that "he had no defense." Complaint at 7. Plaintiff alleges that if the "defendants" had investigated his driving record, it would have been revealed that plaintiff had no felony D.W.I. arrests prior to the alleged D.W.I on February 19, 2000, and not seven felony arrests as reported by defendant Gilmer. Plaintiff alleges that defendant Woods "initiated the conspiracy and cover-up by filing misleading, false, incomplete, back dated, defective, legal documents in a judicial proceeding." Id.

**Discussion**

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

1. Plaintiff's Federal Claims are Patently Meritless

The Eighth Circuit Court of Appeals has stated:

A court does not obtain subject-matter jurisdiction just because a Plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. Because this is a facial rather than a factual challenge to jurisdiction, [the court] determine[s] whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint and drawing all reasonable inferences in favor of the Plaintiff.

Biscanin v. Merrill Lynch & Co., Inc. 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).

Plaintiff's § 1983 claims are legally frivolous for several reasons. As stated above, plaintiff's claims against defendants Woods, Kranz, Nienhaus, Robinson and Gilmer are against these defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the City of Town and Country, Missouri and St. Louis County, Missouri.[4] See Will v. Michigan Dep't of State

---

[4] To the extent that defendant Robinson as a district defender might be employed by the State of Missouri rather than St. Louis County, it is well established that states and state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. Will v.

4

Police, 491 U.S. 58, 71 (1989). To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity. Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 690-92 (1978). Similarly, "A claim against a county is sustainable only where a constitutional violation has been committed pursuant to an official custom, policy, or practice." Johnson v. Blaukat, 453 F.3d 1108, 1114 (8th Cir. 2006) (citing Monell, 436 U.S. at 690-91). Plaintiff's complaint contains no allegations concerning any official city or county custom, policy, or practice. As a result, these claims are legally frivolous.

Further, even if plaintiff had sued these defendants in their individual capacities, as his response states was his intention, his allegations against all of the defendants would still be meritless. Plaintiff cannot maintain a § 1983 action for damages which would necessarily call into question the validity of his conviction, unless and until the conviction has been overturned or expunged in an appropriate proceeding. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff responds that his complaint is "used as evidence, to prove plaintiff's grounds, violations of plaintiff's human, civil and constitutional rights, not to overturn, expunge, reverse or set aside plaintiff's criminal conviction." Pl.'s Response at 3. Despite this assertion, if the Court were to grant the relief sought in plaintiff's complaint, it would necessarily call into question the validity of his conviction. Because plaintiff's claims call into question the validity of his conviction, plaintiff cannot maintain the instant § 1983 case for damages until his conviction has been reversed

---

Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

or otherwise set aside. There being no indication that plaintiff's conviction has been reversed or set aside, the instant § 1983 action should be dismissed.[5]

In addition to the foregoing, plaintiff's claims against defendant Woods should be dismissed because she is immune from liability for damages in a § 1983 suit for alleged violations committed in "initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Myers v. Morris, 810 F.2d 1437, 1448 (8th Cir. 1987).

In addition to the foregoing, plaintiff's claims against defendants Brisco and Robinson should be dismissed. The essential elements of a constitutional claim under § 1983 are that (1) the defendant acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009). In other words, § 1983 imposes liability on government actors acting under color of state law. Plaintiff's claims against defendants Brisco and Robinson – plaintiff's privately-retained defense counsel and his appointed appellate attorney – are legally frivolous and should be dismissed for the additional reason that these defendants were not acting under color of state law for purposes of a § 1983 action. See Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing a client does not constitute action under color of state law).[6]

---

[5]The Court takes judicial notice that plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied. Givens v. Agniel, No. 4:02-CV-1444 CEJ (E.D. Mo. June 1, 2005).

[6]Although plaintiff alleges that Brisco was also a St. Peters, Missouri prosecuting attorney at the time he represented plaintiff, plaintiff's factual allegations against Brisco arise solely out of his role as a private attorney who defended the charges against plaintiff, and not in his role as a prosecutor.

6

Plaintiff's federal claims are also time barred as to all defendants. The complaint alleges that the wrongful conduct complained of occurred in 2000. Claims under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state where the claim arose. Bridgeman v. Nebraska State Penitentiary, 849 F.2d 1076, 1077 (8th Cir. 1988) (per curiam). The Missouri five-year personal injury statute of limitations, Mo. Rev. Stat. § 516.120(4) (2000), applies to § 1983 actions. See Garrett v. Clarke, 147 F.3d 745, 746 (8th Cir. 1998); Lovejoy v. Goodrich, 798 F.2d 1201, 1202 n.2 (8th Cir. 1986). Thus, the applicable statute of limitations on plaintiff's claims expired several years ago. Finally, plaintiff's complaint is barred, at least in part, by principles of res judicata as to those parties against whom he has asserted the same claims in prior actions in this Court.

For these reasons, plaintiff's federal claims are legally frivolous. As a result, these claims are so patently meritless as to fail to confer jurisdiction on this Court, and plaintiff's federal claims must be dismissed.

2. State Law Claims

Because plaintiff's federal claims will be dismissed, all remaining supplemental state claims should be dismissed as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Crest Construction II, Inc. v. Doe, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [Doc. 2]

An order of dismissal will accompany this Memorandum and Order.


*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of October, 2012.