UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABE GIVINS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12-CV-1647 CAS ) |
| JAMES J. BRISCO, et al., | ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This closed civil case is before the Court on pro se plaintiff Abe Givins' "Motion for Reconsideration of Judgment or Order and Affidavit in Support," and a proposed Amended Complaint, which the Court construes as a post-dismissal motion for leave to file an amended complaint. After providing notice to plaintiff and an opportunity to be heard, see Memorandum and Order of September 26, 2012 (Doc. 3), the Court determined that it lacked subject matter jurisdiction over the complaint pursuant to the substantiality doctrine and dismissed this action without prejudice. See Memorandum and Order of October 25, 2012 (Doc. 10). For the following reasons, plaintiff's motions will be denied.

**Motion for Reconsideration**

Plaintiff's Motion for Reconsideration invokes Rules 59, 60, 60(b) and 60(b)(3) of the Federal Rules of Civil Procedure. Rule 59(e), which permits a motion to alter or amend a judgment, was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). Plaintiff's motion will be construed as a timely Rule 59(e) motion.

The Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998); Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Hagerman, 839 F.2d at 413.

Plaintiff's assertions in the motion merely reiterate the allegations of his complaint and do not provide grounds for relief from the judgment. Plaintiff has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law. Plaintiff also fails to establish that the judgment should be set aside pursuant to any subsection of Rule 60.

**Motion for Leave to Amend Complaint**[1]

Although a district court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(3), "plaintiffs do not enjoy an 'absolute or automatic right to amend' a deficient [c]omplaint." United States ex rel. Roop v. Hypoguard USA, Inc.,559 F.3d 818, 822 (8th Cir. 2009) (quoting United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005)). Furthermore, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered. . . . '[D]ifferent considerations apply to motions filed after dismissal.'" Id. at 823 (quoting Briehl v. General Motors Corp., 172 F.3d 623, 629 (8th Cir. 1999)). "Post-dismissal motions to amend are disfavored." In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litig., 623 F.3d 1200, 1208 (8th Cir. 2010).

---

[1]The Court directed the Clerk of the Court to file the attachments to plaintiff's proposed Amended Complaint under seal, as they contain plaintiff's Social Security number and other confidential information.

Plaintiff's proposed Amended Complaint is not accompanied by a memorandum explaining how the lengthy pleading would correct the deficiencies in the original complaint that were identified by the Court in its Orders. A review of the Amended Complaint indicates that plaintiff has omitted several defendants, but the claims contained therein are based on the same factual allegations as in the original complaint. Like the original complaint, the proposed Amended Complaint seeks to asserts claims under 42 U.S.C. § 1983 as well as state law.

The Court upon careful review of the proposed Amended Complaint concludes that its filing would be futile, as it suffers from the same defects identified in the original complaint. It is appropriate to deny leave to amend where the filing of the amended complaint would be futile. Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). The Court will therefore deny plaintiff's motion for leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Reconsideration of Judgment or Order and Affidavit in Support," construed as a motion under Rule 59(e), Fed. R. Civ. P., is **DENIED**. [Doc. 13]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED**. [Doc. 14]

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __26th__ day of November, 2012.